```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            ASHEVILLE DIVISION
              1:07CV256-02-MU
```

```
WILLIAM THOMAS BARNES,    )
       Petitioner,        )
                          )
        v.                )              ORDER
                          )
ROY COOPER, North Caro-   )
  lina Attorney General,  )
       Respondent.        )
_____)
```

**THIS MATTER** comes before the Court on an initial review of the petitioner's form Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed July 19, 2007. For the reasons stated herein, the petitioner's Petition will be dismissed.

A review of the instant Petition reflects that while the petitioner has filed this case as a habeas action, his claims actually sound in civil rights litigation. That is, although the petitioner is in State prison, presumably serving a sentence for a criminal conviction, this Petition does not challenge either that conviction or sentence.

Rather, the petitioner has brought this action to complain about a disciplinary proceeding in which he was involved at his prison. Specifically, by this Petition, the petitioner alleges that at some otherwise unspecified point he was charged with two prison infractions--escape and disobeying an order. After having been found guilty during his prison disciplinary hearing, the petitioner reportedly was ordered to serve "six months on

'ICON' status," he lost "60 days 'good time' credit," and he was ordered to pay a $10.00 fine. However, the petitioner alleges that his constitutional rights were violated by the prison officials' failure to give him 24-hour written notice prior to his disciplinary hearing, and by their failure to allow him to call witnesses during that proceeding.

Thus, inasmuch as it is clear that the subject allegations sound in civil rights law and not habeas law, the petitioner's Petition must be dismissed for his failure to state a claim for relief under 28 U.S.C. §2254. Indeed, to the extent that the petitioner has asked, not to have his State court conviction or sentence vacated or modified, but essentially to have his prison proceeding invalidated and the punishments removed, such claims cannot be reached in this habeas action.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**; and

2. That, notwithstanding the fact of the instant dismissal, the petitioner shall remit the $5.00 filing fee which was required for to this action.

**SO ORDERED.**

Signed: August 10, 2007

Graham C. Mullen
United States District Judge